■ In the Matter of IVAN J. DALY, Respondent, v. COUNTY OF MONROE, Appellant.— Order unanimously reversed on the law, without costs of this appeal to either party and motion denied, without costs. Memorandum: The order appealed from permits respondent to complete service of his notice of claim against appellant after expiration of the 90-day period within which such notice is required to be served. His claim is based upon personal injuries sustained by him on December 30, 1961. On March 21, 1962 he mailed duplicate copies of his notice of claim by registered mail addressed to Norman Selke, Chairman of Monroe County Board of Supervisors, but he failed to serve a copy thereof on the County Attorney. On July 24, 1962 after expiration of the 90-day period respondent moved for an order to correct the defect in the service of the notice of claim. The order appealed from granted his motion and directed that he serve a copy of his notice of claim in duplicate upon the office of the Monroe County Legal Adviser within 10 days after entry of the order. The court lacked power to grant such an order. There is no provision of law which authorizes the court to permit a claimant to correct a defect in the manner or time of service of a notice of claim after expiration of the 90-day period. Respondent contends, however, that service on the Chairman of the Board of Supervisors within the 90-day period was sufficient service because there is no County Attorney of Monroe County and service on the Chairman of the Board of Supervisors should be deemed to also constitute service on the clerk of such board. Subdivision 3 of section 50-e of the General Municipal Law requires that a notice of claim shall be served upon the county by delivering the notice, or copy thereof, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the Supreme Court issued against such party may be delivered. Subdivision 3 of section 228 of the Civil Practice Act prescribes those persons as follows: "the chairman or clerk of the board of supervisors, the county clerk, or the county treasurer; and in addition thereto ＊ ＊ ＊ upon the county attorney, if the county has a county attorney, and otherwise upon the clerk of the board of supervisors of the county." Claimant argues that the Monroe County legal advisor is not a County Attorney within the meaning of the above-mentioned provisions of the General Municipal Law and the Civil Practice Act. In 1935 Monroe County by referendum adopted the county manager form of government pursuant to Plan "B" as outlined in article 2-A of the County Law, which was added by chapter 948 of the Laws of 1935. (*Town of Irondequoit* v. *County of Monroe*, 171 Misc. 125, 129.) Section 7-s of such law (L. 1935, ch. 948) which continues in effect (L. 1952, ch. 834, § 701, subd. 2) provides: "The county ＊ ＊ ＊ manager, with the approval of the board of supervisors, may employ an attorney to serve as legal adviser to the board of supervisors and county officers generally, to act as counsel for the county in any suit instituted by or against the county, and to perform such other duties as may be prescribed by the board of supervisors." The attorney so employed in Monroe County is the Monroe County Legal Adviser. He is the head of the county legal department created under the provisions of the County Law, and has and exercises all the powers and duties of a County Attorney. He is the County Attorney upon whom a summons must be served in an action

against the County of Monroe (County Law, § 500, subd. 2; Civ. Prac. Act, § 228, subd. 3), and is, therefore, the person upon whom notice of claim is required to be served by subdivision 3 of section 50-e of the General Municipal Law. Failure to serve the notice of claim upon him rendered such service defective. Such defect cannot be corrected after the expiration of the 90-day period. (Appeal by County of Monroe from order of Monroe Special Term granting petitioner's motion for leave to correct his failure to serve copy of notice of claim.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.